UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION


THOMAS YOUNK,

     Petitioner,

v.                                                                    Case No. 5:12-cv-178-Oc-30TBS

SECRETARY, DEPT. OF
CORRECTIONS, et al.,

     Respondents.
_____/


## ORDER OF DISMISSAL

Petitioner, *pro se*,  initiated this case by filing a Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. §2254.  (Doc. 1).  Respondents have filed a Response to the Petition

requesting dismissal for failure to exhaust state remedies.  (Doc. 12).  Indeed, Petitioner

states that he is currently pursuing state postconviction remedies with respect to his

conviction.  Doc. 1.  Further,  Respondent points to two pending state cases in which

Petitioner is challenging his conviction.  Accordingly, it is thus clear that at the time

Petitioner filed his Petition, he had not exhausted his  potential federal habeas corpus claims

in state court.   For that reason, this case is due to be dismissed without prejudice.[1]

---

[1]  *See Rose v. Lundy*, 455 U.S. 509 (1982) (recognizing the nature of comity between national and state sovereignties); 28 U.S.C. § 2254(b)(1)(A).

This case is **DISMISSED without prejudice** to give the Petitioner the opportunity

to exhaust his state court remedies.[2]  The Clerk is directed to terminate any pending motions

and close the file.

      **DONE** and **ORDERED** in Tampa, Florida on June 6, 2012.

          JAMES S. MOODY, JR.
          UNITED STATES DISTRICT JUDGE

Copies to:
Counsel/Parties of Record

---

[2] This dismissal without prejudice does not excuse Petitioner from the one-year period of limitation for filing a habeas corpus petition in federal court. *See* 28 U.S.C. § 2244(d).  Petitioner should note that the one-year period of limitation is tolled during the time in which a properly filed application for state post-conviction relief is pending, *see Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)); however, the time in which a federal habeas petition is pending does not toll the one-year limitation period. *See Duncan v. Walker*, 121 S.Ct. 2120 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).