UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

THOMAS YOUNK,

     Petitioner,

v.                              Case No. 5:12-cv-178-Oc-30TBS

SECRETARY, DEPT. OF
CORRECTIONS, et al.,

     Respondents.

_____/

## ORDER OF DISMISSAL

Petitioner, *pro se*, initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. (Doc. 1). Respondents have filed a Response to the Petition requesting dismissal for failure to exhaust state remedies. (Doc. 12). Indeed, Petitioner states that he is currently pursuing state postconviction remedies with respect to his conviction. Doc. 1. Further, Respondent points to two pending state cases in which Petitioner is challenging his conviction. Accordingly, it is thus clear that at the time Petitioner filed his Petition, he had not exhausted his potential federal habeas corpus claims in state court. For that reason, this case is due to be dismissed without prejudice.[1]

---

[1] *See Rose v. Lundy*, 455 U.S. 509 (1982) (recognizing the nature of comity between national and state sovereignties); 28 U.S.C. § 2254(b)(1)(A).

This case is **DISMISSED without prejudice** to give the Petitioner the opportunity to exhaust his state court remedies.[2] The Clerk is directed to terminate any pending motions and close the file.

**DONE** and **ORDERED** in Tampa, Florida on June 6, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel/Parties of Record

---

[2] This dismissal without prejudice does not excuse Petitioner from the one-year period of limitation for filing a habeas corpus petition in federal court. *See* 28 U.S.C. § 2244(d). Petitioner should note that the one-year period of limitation is tolled during the time in which a properly filed application for state post-conviction relief is pending, *see Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)); however, the time in which a federal habeas petition is pending does not toll the one-year limitation period. *See Duncan v. Walker*, 121 S.Ct. 2120 (2001) (holding that an application for federal habeas corpus review <u>does</u> <u>not</u> toll the one-year limitation period under § 2244(d)(2)).